Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
Thomas Segal (SBN 222791)
        thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
CARLOS AGUIRRE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUIRRE, on behalf of himself, all others similarly situated,<br><br>            *Plaintiff,*<br><br>    vs.<br><br>AARON'S, INC. DBA AARON'S SALES & LEASE OWNERSHIP, a Georgia corporation; and DOES 1-50, inclusive,<br><br>            *Defendants.* | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>4.  Forfeiture of Vested Vacation Pay (Lab. Code § 227.3);<br>5.  Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>7.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>8.  Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

*Aguirre v. Aaron's, Inc. DBA Aaron's Sales & Lease Ownership, et al.*                    Class Action Complaint

Plaintiff, Carlos Aguirre (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action against defendant Aaron's, Inc. DBA Aaron's Sales & Lease Ownership, a Georgia corporation and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have misclassified him and similarly situated employees as exempt, failed to provide them with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay overtime wages, subjected vested vacation pay to unlawful forfeiture, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## PARTIES

**A.**    **Plaintiff**

5. Plaintiff worked for Defendants as a store manager from approximately 2009 to May 2016.

**B.**    **Defendants**

6.    Defendant Aaron's, Inc. DBA Aaron's Sales & Lease Ownership is a Georgia corporation authorized to do business in California.

7.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8.    Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business

1

plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## FACTUAL ALLEGATIONS

9.     On or about 2009, Defendants hired Plaintiff as a store manager.  Plaintiff's employment with Defendants terminated on or about May 2016.

10.     Defendants misclassified Plaintiff and similarly situated employees as exempt employees.

11.     Plaintiff was primarily engaged in and spent more than one half of his work time performing non-exempt and non-manegerial work, including, but not limited to, assisting in sales, logging items, collecting balances,helping out with deliveries, and other customer service tasks.

12.     Defendants did not keep accurate records of all hours Plaintiff worked, nor was Plaintiff ever required or instructed to keep records of all hours worked.

13.     Plaintiff alleges that as a result of Defendant's practice and policy of misclassification of employees as exempt, Plaintiff and other aggrieved employees were:

        A.  Not provided with meal periods in violation of the California Labor Code;

        B.  Not provided with rest periods in violation of the California Labor Code;

        C.  Not provided with overtime and/or double time wages in violation of California Labor Code;

        D.  Not provided with all accrued but unusued vacation pay in violation of California Labor Code;

        E.  Not provided with accurate wage statements in violation of California Labor Code;

        F.  Not provided with timely final wages in violation of the Calfornia Labor Code.

## CLASS ALLEGATIONS

14.     This action has been brought and may be maintained as a class action pursuant to FRCP §23 because there is a well-defined community of interest among the persons who

2

comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

15.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

16.     The class and subclass members are defined as follows:

**Store Manager Class:** All persons employed by Defendants as "Store Managers" and/or in other positions with similar job titles, decriptions, dutie, and/or compensation arrangements in California during the **Relevant Time Period.**

**Meal Break Sub-Class:** All **Store Manager Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

**Rest Break Sub-Class:** All **Store Manager Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Regular Rate Class**:  All persons employed by Defendants in California during the **Relevant Time Period** who were eligible for and did receive non-discretionary bonuses and/or other applicable forms of remuneration that was not factored into the regular rate of pay.

**Vacation Pay Class:** All persons employed by Defendants in California who were eligible for and accrued paid vacation days, including, but not limited to, "Floating Holidays," who had their vacation pay forfeited and/or not paid out since the inception of employee's employment

**FLSA Class**:  All persons employed by Defendants as "Store Managers" and/or in other positions with similar job titles, decriptions, duties, and/or compensation arrangement members who worked in the United States in the past three years.

**Wage Statement Penalties Sub-Class:** All **Store Manager Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class:** All **Store Manager Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

3

> **UCL Class:** All **Store Manager Class** members employed by Defendants in California during the **Relevant Time Period**.

17.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

18.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

19.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Have Defendants misclassified employee as exempt?

B.    Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

C.    Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

D.    Have Defendants maintained a policy or practice of failing to pay out stock options due and owing?

E.    Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

F.    Have Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law?

G.    Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of

4

gross and net wages, and time worked?

H.    Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

I.    Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

J.    Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

20.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

21.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

22.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

23.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a

5

class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff and Meal Break Sub-Class)

24.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

25.    At all relevant times, Plaintiff and the **Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

26.    Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

27.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

28.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

29.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

30.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written

6

agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

31.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Meal Periods*

6.    Plaintiff alleges that, at relevant times during the applicable limitations period, Plaintiff and members of the **Meal Break Sub-Class** would regularly work between eight to twelve hours per day.

7.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants failed to keep accurate record of all hours worked, including meal periods. Furthermore, Plaintiff and **Meal Break Sub-Class** members were not told to clock in or out for meal periods nor were they instructed to keep track of their meal periods.

8.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy and/or practice of requiring Plaintiff and members of the **Meal Break Sub-Class** to work through their meal periods in order to finish their job duties.

9.    Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants above mentioned policy, Plaintiff and members of the **Meal Break Sub-Class** were routinely denied uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

### *Late Meal Periods*

10.    Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

### *Unprovided Second Meal Periods*

11.    Plaintiff alleges that, at relevant times during the applicable limitations period,

7

Plaintiff and members of the **Meal Break Sub-Class** would regularly work between eight to twelve hours per day.

12.    Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

13.    Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

14.    At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

15.    Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

16.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff and the Rest Break Sub-Class)

17.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

18.    At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

8

19.     Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

20.     Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

21.     Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

22.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

23.     Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

24.     At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break class** members additional premium wages when required rest periods were not provided.

25.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

26.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

///

9

*Aguirre v. Aaron's, Inc. DBA Aaron's Sales & Lease Ownership, et al.*                                        Class Action Complaint

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff, Store Manager Class, Regular Rate Class)

27.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

28.    At all relevant times, Plaintiff and **Store Manager Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

29.    Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

30.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

31.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

32.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

33.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

34.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

35.    Labor Code § 1198 makes it unlawful for employers to employ employees under

10

conditions that violate the Wage Order.

36.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

37.    Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

38.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

39.    Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

40.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Store Manager Class** members with respect to working conditions and compensation arrangements.

### *Overtime and Double Time*

41.    Plaintiff is informed and believes that, at all relevant times, Defendants have misclassified Plaintiff and **Store Manager Class** members as exempt employees.

32.    Plaintiff and **Store Manager Class** members were primarily engaged in and spent more than one half of their work time performing non-exempt and non-manegerial work, including, but not limited to, logging items, collecting balances,helping out with deliveries, and other customer service tasks.

42.    Defendants did not keep accurate records of all hours Plaintiff and Store Manager Class members worked, nor were Plaintiff and **Store Manager Class** members ever

11

required or instructed to keep records of all hours worked.

43.    Plaintiff is informed and believes that, at all relevant times, Plaintiff and **Store Manager Class** members were not paid overtime and double time rates for all overtime and double time hours worked.

### *Regular Rate of Pay*

44. The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited to, commissions and non-discretionary bonuses.

45. During the applicable limitations period, Defendants violated Plaintiff's and the **Regular Rate Class** members' rights under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

46. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Store Manager Class, Regular Rate Class** members, seeks to recover reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION

### FORFEITURE OF VESTED VACATION PAY

### (Lab. Code § 227.3)

### (By Plaintiff and Vacation Pay Class)

47. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

48. Labor Code § 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

49. Pursuant to the California Supreme Court's decision in *Suastez v. Plastic*

12

*Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

50. At all relevant times, Plaintiff and **Vacation Pay Class** members have been entitled to and did accrue vacation pay since the inception of their employment.

51. At all relevant times, Defendants have subjected the vested vacation time and of both Plaintiff and **Vacation Pay Class** members to unpaid forfeiture.

52. Pursuant to the California Court of Appeals for the Fifth Appellate District's decision in *Church v. Jamison.*, 143 Cal. App. 4th 1588, employees are entitled to compensation for all vacation accrued since the inception of employment that has been subject to unlawful forfeiture.

53. *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate right to vacation pay vests on a pro rata basis as the employee renders labor.

54. Plaintiff is informed and believes and thereon alleges that, at all relevant times and in violation of Labor Code § 227.3, Defendants have maintained a floating holiday policy to which he and **Vacation Pay Class** members are, or have been, subject, under which employees floating holiday pay not taken by the end of the calendar year and/or at termination of employment is subject to unlawful forfeiture.

55. Plaintiff has lost money or property as a result of unfair competition in that Defendants have not paid him for all vested and unused floating holiday pay at the end of the calendar year and/or at termination of employment in violation of Labor Code §§ 201, 204, 223 and/or 227.3.

56. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Vacation Pay Class** members, seeks to recover reasonable attorneys' fees.

///

///

13

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Sub-Class)

57. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

58. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

59. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

60. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because Defendants did not provide an itemized statement as a detachable part of the check, draft, or voucher.   Specifically, Defendants paid Plaintiff and the **Wage Statement Penalties Sub-Class members** via direct

14

deposit and did not provide them with a detachable part of the check, draft, or voucher that provides an accurate itemized statement.

61. Moreover, even if Defendants had provided Plaintiff and the **Wage Statement Penalties Sub-Class members** with a detachable part of the check, draft, or voucher, the itemized statement would not have been accurate for the following reasons.

62. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because Plaintiff and **Wage Statement Penalties Sub-Class** members were not paid for all hours worked thus gross wages earned was not accurately reflected.

63. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because overtime and double time pay for all overtime and double time hours worked was not included and thus gross wages earned was not accurately reflected.

64. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus gross wages earned was not accurately reflected.

65. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because accrued but unused vacation pay was forfeited and thus gross wages earned was not accurately reflected.

66. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because total hours worked was not reflected.

67. Plaintiff is informed and believes that, at all relevant times, Defendants have

failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because overtime and doubletime hours worked was not included and thus total hours worked was not accurately reflected.

68. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because Plaintiff and **Wage Statement Penalties Sub-Class** members were not paid for all hours worked thus net wages earned was not accurately reflected.

69. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because overtime and double time pay for all overtime and double time hours worked was not included and thus net wages earned was not accurately reflected.

70. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus net wages earned was not accurately reflected.

71. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because accrued but unused vacation pay was forfeited and thus net wages earned was not accurately reflected.

72. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code § 226(a) because all applicable hourly rates not included thus corresponding number of hours worked at each applicable hourly rate was not accurately reflected.

73. Plaintiff is informed and believes that Defendants' failures to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements

16

have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

74. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

75. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

76. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

77. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

78. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

17

79. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

80. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

81. During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

82. Specifically, Defendants failed to timely furnish Plaintiff **Waiting Time Penalties Sub-Class** members with any final paycheck and/or with final paychecks that include all earned and unpaid wages, including, but not necessarily limited to, all earned and unpaid hourly, overtime,and vacation pay wages.

83. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

84. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

85. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

86. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest

18

thereon.

87. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff , Vacation Pay Class, UCL Class)

88. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

89. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

90. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

91. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

92. Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND, and THIRDcauses of action herein.

93. Plaintiff lost money or property as a result of the aforementioned unfair competition.

94. Defendants have, or may have, acquired money by means of unfair competition.

95. Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the

19

*Aguirre v. Aaron's, Inc. DBA Aaron's Sales & Lease Ownership, et al.*                    Class Action Complaint

Labor Code violations mentioned herein.

96. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, failing to pay stock options due and owing, and by failing to pay non-exempt employee for all hours worked.

### *Vacation Pay Class*

97. Labor Code § 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

98. Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

99. At all relevant times, Plaintiff and **Vacation Pay Class** members have been entitled to and did accrue vacation pay.

100.    At all relevant times, Defendants have subjected the vested vacation time and of both Plaintiff and **Vacation Pay Class** members to unpaid forfeiture.

101.    *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982), holds that a proportionate right to vacation pay vests on a pro rata basis as the employee renders labor.

102.    Plaintiff is informed and believes and thereon alleges that, at all relevant times and in violation of Labor Code § 227.3, Defendants have maintained a floating holiday policy to which he and **Vacation Pay Class** members are, or have been, subject, under which employees floating holiday pay not taken by the end of the calendar year and/or at termination of employment is subject to unlawful forfeiture.

103.    Plaintiff has lost money or property as a result of unfair competition in that Defendants have not paid him for all vested and unused floating holiday pay at the end of

*Aguirre v. Aaron's, Inc. DBA Aaron's Sales & Lease Ownership, et al.*                    Class Action Complaint

the calendar year and/or at termination of employment in violation of Labor Code §§ 201, 204, 223 and/or 227.3.

### *Relief Sought*

104.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq*.  Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

105.     As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

106.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

107.     Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

108.     Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **Vacation Pay Class** and **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

109.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **Vacation Pay Class** and **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

///

21

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

### IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

### (29 U.S.C. § 201, *et seq.*)

### (Plaintiff and FLSA Class)

110.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

111.    At all material times herein, Plaintiffs and all similarly situated **FLSA Class** who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to day to day operations of retail locations by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

112.    The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

113.    At all material times, the all hours worked, all overtime hours worked, and all double time hours worked are necessarily and directly related to the principal activities of the employees duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

114.    At all material times herein, Defendants have violated the FLSA by failing to pay Plaintiff and FLSA for all hours worked, failing to pay them for all overtime hours worked, and failing to pay them for all double time hours worked.

115.    At all material times herein, Defendants have violated the FLSA by failing to pay **FLSA Class** at one-and-one-half (1.5) times the regular rate of pay employees' total hours worked exceeded forty (40) hours in a week.

116.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by their **FLSA Class** . 29 U.S.C. § 2ll(c).

117.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been

22

applied to all employees employed by Defendants.

118.    Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

119.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

120.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

C.  An order that counsel for Plaintiff be appointed class counsel;

D.  Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.  Pre-judgment interest;

J.  Statutory penalties;

K.  Civil penalties;

23

L.  Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  December 27, 2016

SETAREH LAW GROUP

BY

SHAUN SETAREH
THOMAS SEGAL
Attorneys for Plaintiff,
CARLOS AGUIRRE

24